ORIGINAL



KRISTINA S. HOLMAN
Nevada State Bar No. 3742
4475 South Pecos Road
Las Vegas, Nevada 89121
Tel: (702) 454-2111
Fax: (702) 454-3333
  Attorney for Plaintiff,
  DOREEN REDDISH

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DOREEN REDDISH,<br><br>    Plaintiff,<br><br>vs.<br><br>RED ROCK RESTAURANTS, INC., a Delaware corporation; SIENA GOLF CLUB; SUNRISE COLONY COMPANY; SUNRISE COLONY MANAGEMENT, LLC, a Delaware corporation; SUNRISE COLONY MANAGEMENT, LLC, a Delaware corporation; DOES 1 - 10, inclusive; ROE CORPORATIONS 1 - 10, inclusive,<br><br>    Defendants. | **PLAINTIFF'S COMPLAINT**<br>**(Jury Demanded)**<br><br>CV-S-05-0539-KJD-LRL |

### JURISDICTION AND VENUE

1.   This is a civil action for damages and injunctive relief under a variety of state and federal statutes prohibiting discrimination and to secure the protection of and to redress deprivation of rights under these laws and related tort claims.

2.   Plaintiff's statutory claims arise under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq.; the Civil Rights Act of 1991, ("1991 Civil Rights Act"); the Nevada anti-discrimination statute, N.R.S. § 613.310 et seq.; and Section 7(b) of the Age Discrimination in Employment Act (ADEA) of 1967, as amended, 29 U.S.C. § 626(b)("ADEA").

3. This action includes claims arising under the laws of the State of Nevada which are joined pursuant to the doctrine of supplemental jurisdiction and 28 U.S.C. § 1367(a).

4. As Plaintiff's employer during the relevant time period, Defendant, RED ROCK RESTAURANTS, INC., (hereinafter "Defendant" or "Red Rock") and Defendants SUNRISE COLONY and SIENA GOLF CLUB (hereinafter "Defendants" or "SUNRISE") were operating within the County of Clark, State of Nevada; were engaged in an industry affecting commerce or in the production of goods for commerce; and employed more than 500 employees in the two calendar years preceding the events in question.

5. As an employer in Nevada, Defendants Red Rock and Sunrise are required to comply with all state and federal statutes which prohibit sex discrimination pursuant to state laws and 42 U.S.C. § 2000e, *et seq.*, as amended.

6. Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), on or about June 10, 2004. (See Exhibit A, attached.)

7. On or about January 28, 2005, Plaintiff received a "Right to Sue" notice from the EEOC indicating Plaintiff had 90 days from that date of the Notice to file a lawsuit against Defendant Red Rock. Plaintiff has therefore fulfilled all jurisdictional requirements for the filing of this suit.

8. Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Defendant is incorporated here.

## THE PARTIES

9. Plaintiff, DOREEN REDDISH, (hereinafter referred to as "Plaintiff" or "Ms. Reddish") at all times relevant to this Complaint,

1  was a female citizen of the County of Clark, State of Nevada, who was
2  employed by Defendants Red Rock and Sunrise from February 17, 2000 to
3  April 23, 2004.

4      10. Defendants are employers within the meaning of Title VII of
5  the Civil Rights Act of 1964, as amended.

6      11. DOE Defendants 1 through 10, inclusive, and ROE
7  CORPORATIONS, 1 through 10, inclusive, are persons, corporations or
8  business entities who are or which may also be responsible for or who
9  directed or assisted in the wrongful actions of the named Defendants,
10 or who may be individual officers or employees of the named
11 Defendants. The true identities of the DOE Defendants and ROE
12 CORPORATIONS are unknown to Plaintiff at this time. Plaintiff
13 therefore alleges that DOES 1-10, inclusive, and ROE CORPORATIONS 1-
14 10, inclusive, may be responsible in part for the damages or injuries
15 suffered by Plaintiff as a result of their own wrongful actions and/or
16 those of their agents and/or employees. Plaintiff will seek leave to
17 amend this Complaint as soon as the true identities of DOE Defendants
18 1-10, inclusive, are revealed to Plaintiff.

**FACTS**

20     12. Plaintiff was hired by Defendants as a bartender/server on
21 or about February 17, 2000. She was 43 years of age at the time.

22     13. On or about October 2001, Plaintiff was asked by the then
23 executive chef, Matt Isham, to assist him in management of the
24 restaurant until a new manager was hired. Mr. Isham chose Plaintiff
25 because she was highly respected by the staff, loved by the regular
26 clientele, and was most familiar with operations and procedures. Her
27 work status remained as a bartender/server, but her additional
28 responsibilities increased her work week to seven days per week, 16

hours per day.

14. On or about May 4, 2002, Defendants' Food and Beverage Manager, Matt Scherell, presented Ms. Reddish with a Personnel Change Notice that was to change her status from an hourly wage (plus tips) to a salaried position with a new job title, "Supervisor." Ms. Reddish stated to Defendants that she didn't want to go on salary or take on the additional responsibilities of supervisor. It wasn't until Mr. Scherell assured Plaintiff that she would continue in her present position with no additional responsibilities, and receive a salary plus tips, she signed the Personnel Change Notice, even though it had not been properly completed, and included nothing but her name at the top. Ms. Reddish learned that the form was then completed later.

15. At around that same time, Ms. Reddish was subjected to age and sex discrimination by Defendants' management and staff, as she became the object of harassing and derogatory comments regarding her age, the fact that she was going through menopause, and her weight. Chef Dan Concepcion, along with other management and staff members, regularly commented on how big her "ass" was and questioned whether she had taken her estrogen pills that day. Other comments included putting her "out to pasture," and one co-worker would make cow sounds when he walked by her. Chef Concepcion made fun of Ms. Reddish's voice in front of her and other management and staff members by mimicking Edith Bunker's high and irritating voice from the tv show, "All in the Family."

16. As the harassment continued, Ms. Reddish began to feel that this was a pattern of harassment designed to make her quit her job in order to make room for younger, more attractive servers to take her place. Even though she received many assurances from Defendants that

4

her job was not in jeopardy, Ms. Reddish received notice of her termination on April 23, 2004. The reason given was that Defendants were "moving in a different direction." Ms. Reddish was replaced with two servers, both 20-25 years younger and considered more attractive.

### FIRST CAUSE OF ACTION
### Sex Discrimination Under State and Federal Anti-Discrimination Statutes

17. Plaintiff repleads and realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 16 above as if fully set forth.

18. Defendants Red Rock and Sunrise were aware of the prior conduct by Defendant's employees when they unlawfully terminated her employment.

19. The Defendants, as employers, knew or should have known of their long-standing obligation, pursuant to state and federal statutes, to maintain a workplace free of sex discrimination.

20. The Defendants failed to take reasonably adequate steps to prevent sex discrimination in their workplace.

21. The Defendants failed to institute effective institutional policies to remedy complaints about conduct which might constitute sex discrimination.

22. Therefore, Plaintiff charges that the Defendants have discriminated against her based on her sex, and that the Defendant allowed, authorized and ratified these actions.

23. Plaintiff has also suffered serious mental distress as a result of this unlawful discrimination.

24. Plaintiff is entitled to be fully compensated for all damages she has sustained.

///

25. It has been necessary for Plaintiff to retain the services of an attorney and she should be compensated therefor.

### SECOND CAUSE OF ACTION
### Age Discrimination Under State and Federal Anti-Discrimination Statutes

26. Plaintiff repleads, realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 25 above as if fully set forth.

27. Plaintiff is informed and believes and therefore alleges that Defendants replaced Plaintiff in the position which she formerly held with substantially younger persons.

28. Plaintiff alleges that she was given unequal treatment compared to younger similarly situated employees. She was subjected to this unequal treatment in the conditions and privileges of employment.

29. The discharge of Plaintiff from her position by Defendants was because of Plaintiff's age, which constitutes a violation of 29 U.S.C. § 623(a)(1), et seq. and therefore, entitles Plaintiff to relief under the provisions of 29 U.S.C. § 626.

30. The termination of Plaintiff's employment by Defendants constitutes a willful violation of 29 U.S.C. § 623 and as such, entitles Plaintiff to recover double damages.

31. At the time of her discharge, Plaintiff earned an annual salary and received health, vacation and other benefits. As a direct result of these unlawful acts, Plaintiff has suffered and continues to suffer financial loss, benefit loss and severe emotional distress.

32. As a result of Defendants' discriminatory practices, Plaintiff has suffered mental anguish and humiliation. As a further result of Defendants' discriminatory practices, Plaintiff has suffered

and will continue to suffer monetary damages.

33. Defendants committed the acts herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff because of her age and in conscious disregard of Plaintiff's right to be free from discrimination. Plaintiff is thus entitled to recover punitive or exemplary damages to punish and deter Defendants from such conduct and to set an example for others.

### THIRD CAUSE OF ACTION
### Injunctive Relief

34. Plaintiff repleads and realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 33 above as if fully set forth.

35. That pursuant to 42 U.S.C. § 2000e-2 *et seq.*, Plaintiff seeks injunctive relief from this Court requiring Defendants to take all steps necessary to evaluate the existence of conduct in its workplace which might constitute discrimination and institute effective educational and prevention programs to prevent or remedy conduct which might constitute sex discrimination; and to take appropriate disciplinary action against all employees who participated in, tolerated or failed to act to prevent, stop or remedy the acts of sex and age discrimination against Plaintiff.

36. As a result, Plaintiff has been harmed and has suffered damages, both economically and emotionally, by this unlawful harassment and sex and age discrimination and is entitled to be fully compensated therefore.

37. It has been necessary for Plaintiff to retain the services of an attorney and she should be compensated therefor.

///

## FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

38. Plaintiff repleads, realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 37 above as if fully set forth.

39. The aforementioned conduct of Defendants constitutes extreme and outrageous conduct and was performed with the intent, reasonable knowledge or reckless disregard that such actions would cause severe emotional harm and distress to Plaintiff, and did in fact cause such harm.

40. The other Defendants authorized and/or ratified the conduct of the named Defendants by failing to take measures to prevent further reoccurrences.

41. As a result, Plaintiff has been harmed and has suffered damages and she is entitled to be compensated therefor

42. It has been necessary for Plaintiff to retain the services of an attorney and she should be compensated therefor.

## FIFTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

43. Plaintiff repleads, realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 42 above as if fully set forth.

44. Defendants owed a duty to exercise due care not to subject Plaintiff to foreseeable risk of mental, emotional, and/or physical injury. Defendants knew or should have known that such acts and/or omissions as herein alleged, were likely to result in mental, emotional and/or physical injury to Plaintiff.

///

45. Defendants, while engaging in the aforementioned conduct, did negligently inflict extreme mental and emotional distress, indignity, embarrassment, and humiliation upon Plaintiff.

46. As a direct and proximate result of the Defendants' negligent infliction of such emotional distress, Plaintiff has suffered damages and is entitled to recover compensatory damages and other damages related thereto.

47. It has been necessary for Plaintiff to retain the services of an attorney and she should be compensated therefor.

WHEREFORE, Plaintiff respectfully prays as follows:

1. A trial by jury on all issues;

2. All employment-related losses subject to proof;

3. All compensatory, special and general damages allowed by law;

4. Injunctive relief as set forth above;

5. Attorneys' fees and costs of suit incurred herein;

6. Prejudgment interest;

7. Punitive damages in an amount sufficient to punish and deter Defendants from engaging in any such conduct in the future and as an example to other employers not to engage in such conduct; and

8. For such other and further relief as the Court shall deem just and proper.

Respectfully submitted this ___ day of April, 2005.

By: _____
KRISTINA S. HOLMAN
Nevada State Bar No. 3742
4475 South Pecos Road
Las Vegas, Nevada 89121
Attorney for Plaintiff,
DOREEN REDDISH

H:\Files\DOCS\Reddish\Pleadings\complaint.wpd

# EXHIBIT A

# CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | [X] FEPA | 0526043331 |
| | [ ] EEOC | 34BA400788 |

Nevada Equal Rights Commission _____ and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Ms. Doreen Reddish | (702) 889-2652 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 9625 W. Russell Rd, #2111, Las Vegas, NV 89148 | | 08/08/1956 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Red Rock Restaurants | Cat A (15-100) | (702) 562-2653 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 10565 Siena Monte Dr., Las Vegas, NV 89144 | | 003 |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

[ ] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN
[ ] RETALIATION   [X] AGE   [ ] DISABILITY   [ ] OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE
EARLIEST: 12/01/2003    LATEST: 04/23/2004
[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

On February 17, 2000, I was hired as a Bartender. On or about December 1, 2003 through April 23, 2004, I was subjected to harassment and sexual harassment. On April 23, 2004, I was discharged.

HARASSMENT: On or about December 1, 2003 through April 23, 2004, I was subjected to harassment in the form of, but not limited to disparaging remarks, referring to my age. On occasions, it would be mentioned that needed to be put out to the pasture.

SEXUAL HARASSMENT: On or about December 1, 2003 through April 23, 2004, was sexually harassment in the form of comments about my body parts by D Concepcion, Chef.

DISCHARGE: On April 23, 2004, I was discharged. I was replaced by a youn male and two young lovely female.

I believe that I was discriminated against because of my age, 47, and sex, Female, in violation of Title VII of the Civil Rights Act of 1964, amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Month, day and year)

Date _____ Charging Party *(Signature)*

EEOC FORM 5 (Rev. 07/99)